DECISION
Appellant, Ali Aboullah Azizhakim, appeals from a judgment entry of the Court of Claims of Ohio rendering judgment in favor of appellee, the Ohio Department of Rehabilitation and Corrections.
Appellant filed a complaint alleging that appellee was liable for the loss of five boxes of legal materials belonging to appellant and seeking $75,000 in damages. A trial was conducted before the Court of Claims on July 22 and 23, 1998. Appellant's motion to call a rebuttal witness was denied by the trial court. On November 25, 1998, the trial court entered judgment for appellee, concluding that appellant failed to prove by a preponderance of the evidence that appellee breached any duty to appellant and that appellant had assumed the risk of loss by leaving his legal materials in an improper storage space.
Appellant filed a timely notice of appeal and a motion to reduce the reporter's notes to typewritten form on December 24, 1998. The trial court issued an order for transcription, ordering Professional Reporters, Inc., to prepare the transcript and to bill appellant for the transcription and certification services. However, this order was not forwarded by the Clerk of the Court of Claims to Professional Reporters, Inc., until May 3, 1999. Professional Reporters, Inc., sent appellant a letter informing him of the required deposit for the transcript to be completed. However, appellant did not pay the deposit, but he requested an enlargement of time to prepare an App. R. 9(C) statement of the evidence in lieu of a transcript. This court granted the motion and ordered appellant to have the statement of evidence submitted to and settled by the trial court by July 9, 1999. Appellant did not comply with the order, but, instead, filed a motion for another extension of time, which this court denied. Appellant filed the App. R. 9(C) statement of the evidence on July 13, 1999, and appellee filed a motion to strike. Because this court denied appellant's motion for an extension of time to file the App. R. 9(C) statement of the evidence, appellee's motion to strike is granted.
On appeal, appellant raises two assignments of error:
 THE TRIAL COURT ABUSED ITS DISCRETION, AS ITS JUDGMENT IS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE.
 THE TRIAL COURT ABUSED ITS DISCRETION BY DENYING PLAINTIFF'S MOTION FOR REBUTTAL WITNESSES.
Appellant included a statement of facts in his brief, which appellee asserts is not accurate and does not comport with the evidence presented at trial. Without a transcript or a statement of the evidence, this court cannot verify appellant's account of the facts and must accept the trial court's statement of the facts.
Appellant was an inmate at Orient Correctional Institution assigned to dormitory 5E. On September 7, 1995, appellant was transferred to dormitory 4E. Appellant's legal materials would not fit in his locker, so he stored five boxes of legal materials in the dormitory art room without permission from any institutional staff. Appellant was placed in segregation from October 3, 1995, until January 26, 1996. While appellant was in the segregation unit, all of his personal property stored in his locker and sleeping area were secured and inventoried by institutional staff. However, appellee was unaware of appellant's five boxes of legal papers stored in the art room. Subsequently, appellee received complaints about clutter in the art room and, as a result, ordered all inmates to remove any personal property from the art room. Any personal items not removed by inmates were either taken by other inmates or thrown away by institutional staff. When appellant was released from the segregation unit, he discovered that his five boxes of legal materials were missing from the art room.
In appellant's first assignment of error, he argues that the trial court's decision is against the manifest weight of the evidence. Without a transcript or a statement of the evidence under App. R. 9(C), an appellate court cannot consider assignments of error arguing that a finding is against the manifest weight of the evidence or is unsupported by the evidence. See Tyrell v.Investment Assoc., Inc. (1984), 16 Ohio App.3d 47, 49. Moreover, the Supreme Court of Ohio has held that "[w]hen portions of the transcript necessary for resolution of assigned errors are omitted from the record, the reviewing court has nothing to pass upon and thus, as to those assigned errors, the court has no choice but to presume the validity of the lower court's proceedings, and affirm." Knapp v. Edwards Laboratories (1980), 61 Ohio St.2d 197,199. Therefore, appellant's first assignment of error is overruled.
In appellant's second assignment of error, he argues that the trial court abused its discretion by denying his motion for rebuttal witnesses. Appellant argues that the question whether inmates had access to Department of Rehabilitation and Corrections policies in the library at Orient Correctional Institution was raised for the first time in appellee's case. Therefore, he needed to call rebuttal witnesses. However, appellee argues that this issue was raised prior to trial at the deposition of Janice Thomas, so appellant should have put on any evidence in his case-in-chief.
Without a transcript, this court has no record of the proceedings and is unable to evaluate the circumstances surrounding appellant's request for rebuttal witnesses. Thus, under the reasoning of Knapp, we must assume the validity of the trial court's proceedings and affirm. Consequently, appellant's second assignment of error is overruled.
Based upon the foregoing reasons, appellant's two assignments of error are overruled, and the decision of the Court of Claims of Ohio is affirmed. Additionally, as noted above, appellee's motion to strike is granted.
Judgment affirmed; Motion to strike granted.
DESHLER and BROWN, JJ., concur.